```
                UNITED STATES DISTRICT COURT
                  DISTRICT OF CONNECTICUT


MARTY CALDERON                    :
                                  :           PRISONER
     v.                           :  CASE NO. 3:05CV1835 (JBA)
                                  :
JAMES DZURENDA and                :
THERESA LANTZ                     :
```

RULING ON PETITION FOR WRIT OF HABEAS CORPUS

The petitioner, Marty Calderon ("Calderon"), has filed this petition as next friend to her son, Christopher Santos ("Santos"). Before considering the petition itself, the court must address two issues. First, whether the court may accept the petition for filing when it is signed by Calderon instead of her son. Second, whether Calderon satisfies the requirements for standing to bring this action as next friend to her son.

Rule 11, Fed. R. Civ. P., provides that every pleading shall be signed by the attorney of record or "if the party is not represented by an attorney, shall be signed by the party." This requirement, however, is not absolute. Rule 17(c), Fed. R. Civ. P., provides that a person who has been adjudged incompetent but "who does not have a duly appointed representative may sue by a next friend or a guardian ad litem." Calderon has attached to the petition an order from the probate court in the district of Stafford. The order appoints Calderon as conservator for her son, but does not indicate that Santos has been adjudged

incompetent. In addition, the appointment was valid for one year from November 15, 2004. Calderon did not file this petition until November 30, 2005, after the appointment had expired. Thus, Calderon does not meet the requirements of Rule 17(c).

In addition, a petition for writ of habeas corpus in federal court may be "signed and verified by the person for whose relief it is intended or by someone acting in his behalf." 28 U.S.C. § 2242. Calderon appears to invoke this provision to enable her to sign the petition on behalf of Santos. She states that her son "cannot represent himself properly because he loses concentration when he writes and he still has migraines" from an assault while incarcerated. (Pet. at 13.) Another judge within this district has permitted Calderon to file a habeas petition as next friend. See Calderon v. Choinski, 3:04cv1475(JCH). Thus, Calderon is permitted to file this action.

The court determined in the prior case, however, that Calderon lacks standing to represent her son and ordered her to provide medical or psychiatric evidence that Santos is mentally incompetent. Calderon did not file such evidence in the prior case. The court appointed counsel to represent Calderon in the prior case. Calderon has not attached any medical evidence to this petition. Thus, the court concludes that Calderon has not shown that she can represent her son in this case.

Further, even if Santos were properly represented, the

2

petition must be dismissed.  A review of the petition reveals that it challenges the same conviction on the same grounds as the petition filed in Calderon v. Choinski.  The previous action still is pending and Calderon is proceeding in that case with the assistance of appointed counsel.  Calderon cannot file a second habeas petition unless she obtains an order from the court of appeals authorizing the district court to consider the second petition.  See 28 U.S.C. §2244(b)(3)(A).  Calderon has not attached to her petition a copy of an order from the Court of Appeals for the Second Circuit authorizing the filing of this action.

Also, in the prior case, the court informed Calderon that all state court remedies must be exhausted before a claim is cognizable in a federal habeas petition.  See O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999).  The Second Circuit requires the district court to ascertain that the petitioner raised before an appropriate state court any claim that she asserts in a federal habeas petition and that she "utilized all available mechanisms to secure appellate review of the denial of that claim."  Lloyd v. Walker, 771 F. Supp. 570, 573 (E.D.N.Y. 1991) (citing Wilson v. Harris, 595 F.2d 101, 102 (2d Cir. 1979)).  See also Bossett v. Walker, 41 F.3d 825, 828 (2d Cir. 1994) ("To fulfill the exhaustion requirement, a petitioner must have presented the substance of his federal claims to the highest

court of the pertinent state.") (internal citations and quotation marks omitted), cert. denied, 514 U.S. 1054 (1995).  Calderon states that she has not raised any of the grounds for relief in the state courts.  Thus, the petition should be dismissed for failure to exhaust state court remedies.

In conclusion, the petition for writ of habeas corpus [**doc. #1**] is **DISMISSED**.  The court concludes that any appeal from this order would not be taken in good faith.  Accordingly, a certificate of appealability will not issue.

**SO ORDERED** this 28th day of December, 2005, at New Haven, Connecticut.

/s/
Janet Bond Arterton
United States District Judge